# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49290-3-II |
| Respondent, | |
| v. | |
| TERRY RAY MOSER, JR., | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Terry Moser appeals his convictions for three counts of first degree robbery, one count of first degree assault, and one count of first degree unlawful possession of a firearm, arguing that the trial court erred by accepting his guilty plea.  Specifically, Moser argues that the trial court failed to adequately determine whether Moser understood the nature of the charges and whether there was a factual basis to support his plea.  We hold that the trial court did not err in accepting Moser's plea.  In addition, Moser filed a statement of additional grounds for review (SAG) raising issues requiring examination of matters outside the appellate record.  We do not review these issues.  Consequently, we affirm Moser's convictions.

FACTS

On September 9, 2015, Terry Moser entered an AutoZone store in Pierce County wearing a wig and pointed a gun at a store clerk and several customers.  Moser demanded that a store clerk put money into a bag.  Moser then fired a shot into the ceiling of the store.  Moser took one customer's wallet and another customer's money.  Moser then fired another shot inside the store

as he backed out of the door. A witness in the store recorded a video of Moser demanding money inside the store and then running out of the store and through the store's parking lot.

Once outside the store, Moser fired two more shots, with one shot aimed at a store employee who was in the store's parking lot. The bullets did not hit the employee but did strike a nearby vehicle. Moser then fled the scene.

After charging Moser with multiple crimes, the State filed an amended information, charging Moser with three counts of first degree robbery[1] with a firearm enhancement for one of the counts, one count of first degree assault, and one count of first degree unlawful possession of a firearm.[2,3] The amended information alleged that Moser committed three counts of first degree

---

[1] RCW 9A.56.190 provides:
> A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

RCW 9A.56.200 provides:
> (1) A person is guilty of robbery in the first degree if:
>     (a) In the commission of a robbery or of immediate flight therefrom, he or she:
>     (i) Is armed with a deadly weapon; . . . .

[2] RCW 9.41.040(1)(a) provides:
> A person . . . is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted . . . in this state or elsewhere of any serious offense as defined in this chapter.

[3] Moser was separately charged with and convicted of felony attempt to elude. Moser did not appeal this separate conviction.

robbery by unlawfully taking personal property from the persons or presence of the three victims against those persons' wills, by "force or fear being used to obtain or retain possession of the property or to prevent or overcome resistance to the taking. . . ."  Clerks Paper's (CP) at 62-63.

The amended information further alleged that Moser committed the crime of first degree unlawful possession of a firearm by having in his possession, or under his control "a firearm, having been previously convicted in the State of Washington or elsewhere of a serious offense, as defined in RCW 9.41.010, contrary to RCW 9.41.040(1)(a). . . ." CP at 64.

> Additionally, a probable cause statement filed in the case stated:
>
> Victim Sepe is employed by the victim business.  When the defendant pointed the firearm at Victim Sepe.  [sic]  The defendant told Victim Sepe to put the money in the bag.  As Victim Sepe was giving the defendant the money, the defendant fired a shot into the ceiling of the victim business.  The defendant then fired a second shot inside the victim business.  Victim Sepe gave the defendant the money out of the victim business's cash register.
> . . . .
> Victim Ortiz was a customer in the victim business.  He was at the counter of the victim business when a shot rang out.  Victim Ortiz heard the defendant yell that this was a real thing.  The defendant then demanded the clerk at the counter give him (the defendant) all of the money.  The clerk emptied the till.  The defendant then pointed the firearm at another customer and the defendant demanded the wallet of the other customer.  The defendant then pointed the firearm at Victim Ortiz while demanding money from Victim Ortiz.  Victim Ortiz gave the defendant about $50.  The defendant backed out of the victim business while firing a second shot.
> . . . .
> Victim Luis was a customer in the victim business. Victim Luis heard a gunshot and he heard the defendant tell someone to put the money in a bag. The defendant demanded Victim Luis's wallet. Victim Luis did not have his wallet with him but Victim Luis gave the defendant money. The defendant fired another shot as he was leaving. The defendant also fired another shot outside of the victim business.

CP at 5.

During a motion hearing the day before trial, the State showed the witness's video to the court. Also, six days prior to trial, Moser signed a stipulation stating that at the time of charging, he had been previously convicted of a serious offense.

On the day of trial, Moser pleaded guilty to three counts of first degree robbery with a firearm enhancement for one of the counts, one count of first degree assault, and one count of first degree unlawful possession of a firearm as charged in the amended information. In his plea form Moser stated, "I am charged with the crimes . . . as set out in the [2nd] Amended Information, dated July 12, 2016, a copy of which I hereby acknowledge previously receiving and reviewing with my lawyer." CP at 65. Moser also requested that the court accept the State's amended information. Moser stated the factual basis for his plea in his own words in paragraph 11 of the plea form:

> The judge has asked me to state what I did in my own words that makes me guilty of this crime. This is my statement[:]
>
> On September 9th, 2015, in Pierce County Washington, I robbed three people at gun point and shot at another with a firearm with intent to cause great bodily harm after having been previously convicted of a serious offense.

CP at 73.

At the plea hearing, Moser's trial counsel reported to the court that he and Moser went through the plea forms in "great detail" and discussed what rights Moser would be giving up. Report of Proceedings (RP) (July 12, 2016) at 516. Moser's counsel also told the trial court that he had read the plea statement with Moser and that Moser read the plea statement himself. Moser's counsel stated that he believed Moser to be entering the guilty plea "knowingly, voluntarily, and intelligently." RP (July 12, 2016) at 51. The trial court held a thorough plea colloquy that included the following exchange:

4

THE COURT: And you've had the opportunity to read and go over the statement of defendant on plea of guilty on both of these amended informations?[4]

[MOSER]: Yes, Your Honor.

THE COURT: All right. And was your attorney able to answer all the questions that you had regarding your statement of defendant on plea of guilty?

[MOSER]: Yes.

THE COURT: And any other questions that you might have?

[MOSER]: Yes.

THE COURT: All right. Did your attorney explain to you the elements of each of the offenses on the amended information to your satisfaction?

[MOSER]: Yes, Your Honor.

THE COURT: Okay. And do you understand what the State would have to prove if these cases were to continue to go to trial?

[MOSER]: Yes.

THE COURT: All right.

THE COURT: All right. Now, on Paragraph 11—and this on the first cause number—is your statement as to why you are guilty of the crimes alleged, and it states—it says, "This is my statement: On September 9, 2015, in Pierce County, Washington, I robbed three people at gunpoint and shot at another with a firearm with intent to cause great bodily harm after having been previously convicted of a serious offense." And there's the initials next to that, "TM." Are those your initials?

[MOSER]: Yes, they are, Your Honor.

THE COURT: And is that your statement, sir?

[MOSER]: Yes.

THE COURT: Has anyone threatened any harm of any kind to you in order for you to enter into these pleas today?

[MOSER]: No, Your Honor.

THE COURT: Has anyone made any promises to you other than their recommendation or—for sentence?

[MOSER]: No, Your Honor.

THE COURT: Do you need anymore [sic] time to discuss this matter with your attorney, sir?

[MOSER]: No, thank you.

RP (July 12, 2016) at 52-61. Moser then pleaded guilty and the trial court accepted his plea.

Moser was thus convicted of three counts of first degree robbery with one firearm enhancement,

---

[4] The court's reference to a second information relates to the State's separate information charging Moser with felony attempt to elude.

one count of first degree assault, and one count of first degree unlawful possession of a firearm. Moser appeals.[5]

## I. VALIDITY OF GUILTY PLEA

Moser argues that the trial court erred in accepting his guilty plea because the court did not adequately determine if Moser understood the nature of the charges against him and because the court failed to determine if a factual basis existed to support the plea. The State disagrees and also argues that Moser is barred from arguing on appeal that there was no factual basis. We address Moser's arguments on the merits and affirm Moser's guilty plea.

A.      *Legal Principles*

Before accepting a guilty plea, a trial court must "determin[e] that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." *State v. Codiga*, 162 Wn.2d 912, 922, 175 P.2d 1082 (2008). Moreover CrR 4.2(d) requires that before a court accepts a guilty plea, it must determine that the defendant is making it voluntarily, competently, and with an understanding of the nature of the charge and the consequences of the plea. This rule reflects the due process requirement that a defendant's guilty plea be knowing, intelligent, and voluntary. *See Codiga*, 162 Wn.2d at 922.

B.      *Understanding the Nature of the Charges*

Moser first argues that the trial court failed to adequately determine whether he understood the nature of the charges. Specifically, Moser argues that the record does not

---

[5]  Moser also pleaded guilty to one count of first degree assault, but he makes no argument on appeal as to the validity of his plea on this charge. However, Moser argues that his guilty plea is indivisible and therefore he must be allowed to withdraw his plea to all the charges. Because we hold that Moser's plea was valid on charges of first degree robbery and unlawful possession of a firearm, we do not address Moser's indivisibility argument.

establish his understanding that, to convict him of first degree robbery the State was required to prove the essential element that he had threatened to use force and that the threat of force was used to obtain or retain possession of the property. Moser also argues, regarding his unlawful possession of a firearm charge, that the record does not establish he knew or understood what a "serious offense" is. Br. of Appellant at 6. Because the record shows that Moser understood the nature of the charges and the essential elements of the crimes, we disagree.

A defendant must be aware of the nature of the offense in order for his or her plea to be knowing, voluntary, and intelligent. *State v. Holsworth*, 93 Wn.2d 148, 153, 607 P.3d 845 (1980). The defendant is sufficiently informed of the nature of the offense if he is advised of the offense's essential elements. *Holsworth*, 93 Wn.2d at 153. In a plea hearing, the trial court is not required to orally recite the elements of each crime or the facts that satisfy those elements, and is not required to orally question the defendant to ascertain whether he or she understands the nature of the defense. *See Codiga*, 162 Wn.2d at 924. Instead, the trial court can rely on the written plea agreement if the defendant confirms that he or she read the agreement and that its statements were true. *Codiga*, 162 Wn.2d at 923-24. Also, an information detailing the acts and state of mind necessary to constitute the charged crime adequately informs the defendant of the nature of the offense. *In re Pers. Restraint of Montoya*, 109 Wn.2d 270, 278-79, 744 P.2d 340 (1987).

When a criminal defendant stipulates to a prior serious offense, such stipulation generally need not be accompanied by a colloquy on the record between the defendant and the trial court. *See State v. Humphries*, 181 Wn.2d 708, 715, 336 P.3d 1121 (2014). The trial court may

presume the defendant consents to the stipulation unless he or she objects at the time the stipulation is made. *State v. Humphries*, 181 Wn.2d at 715.

Here, the record shows that Moser understood the nature of the charges and the elements of the charged crimes when he pleaded guilty. As detailed above, the State's amended information informed Moser of the elements of first degree robbery and first degree unlawful possession of a firearm, and Moser acknowledged in the plea form that he previously received a copy of the amended information and had reviewed it with his lawyer. Moser verified that he went over the plea form with his attorney, and that his attorney answered all questions and explained to him the elements of each offense. Moser stated that he understood what the State would have to prove if the case were to go to trial. Also, Moser, without objection, signed a stipulation in which he acknowledged that he had been previously convicted of a serious offense.

Moser contends that the trial court's mere reading of a portion of his statement at the plea hearing and his own minimal response to a question of whether he understood the nature of the elements of the crimes does not prove that his guilty plea was intelligently and voluntarily made. Moser cites to *State v. S.M.*, 100 Wn. App. 401, 996 P.2d 1111 (2000) in support of his argument, but his reliance is misplaced. In *S.M.*, the defendant had not discussed the substance of the plea with his defense counsel and the court's colloquy with the defendant only asked if he knew what one word meant, whether he knew the victim, and how he pled. *S.M.*, 100 Wn. App. at 403-404; 415. Moreover, the defendant's plea statement did not properly lay out all the elements of the charge. *S.M.*, 100 Wn. App. at 415.

Here, unlike *S.M.*, and contrary to Moser's contention, Moser acknowledged that defense counsel had explained to him the legal elements of first degree robbery and unlawful possession

of a firearm, that he knew what the State would have to prove at trial, and that he understood the charges. Moreover, Moser stated that he had an opportunity to "read and go over" the plea forms, and that his attorney had explained to him the elements of each of the offenses on the amended information to Moser's satisfaction. RP (July 12, 2016) at 52.

Additionally, Moser's argument that nothing in the record establishes that he understood what a "serious offense" meant in terms of the unlawful possession of a firearm charge is not well taken. Br. of Appellant at 6. The law does not require that a court ensure that a defendant understands every term or phrase of an offense, rather, a defendant need only be made aware of the nature of the offense in order for his plea to be valid. *See Holsworth*, 93 Wn.2d at 153. A defendant is made aware of the nature of an offense by being advised of the essential elements of the offense. *See Holsworth*, 93 Wn.2d at 153. As discussed above, Moser was adequately advised of the essential elements of the offense of unlawful possession of a firearm when, among other things, he received and read an information detailing the essential elements of charges and when he signed a stipulation in which he acknowledged that he had been previously convicted of a serious offense. *See State v. Humphries*, 181 Wn.2d at 715 (holding that such stipulation generally need not be accompanied by a colloquy on the record between the defendant and the trial court). Therefore, Moser's argument that the record does not show that he understood what a "serious offense" is, fails.

Accordingly, taken together, Moser's plea form, his statements to the court, his stipulation to a serious offense, and his acknowledgements that he understood the elements of the crimes and that he had discussed the charges with his trial counsel, all show that Moser understood the nature of the charges and the essential elements of the crimes.

C.       *Addressing Factual Basis on Appeal*

Moser next argues that the trial court erred because it accepted his plea without an adequate factual basis. Preliminarily, the State contends that Moser is barred from arguing that there was no factual basis for his plea for the first time on appeal. We disagree and address the merits of Moser's argument.

We generally do not review issues raised for the first time on appeal unless the issue involves a manifest error affecting a constitutional right. RAP 2.5(a)(3). The requirement in CrR 4.2(d), that there be a factual basis for the plea, is procedural. *In re Pers. Restraint of Hews*, 108 Wn.2d 579, 592 n.2, 714 P.2d 983 (1987). The procedural requirements of CrR 4.2 are not constitutionally mandated and, therefore cannot generally be raised for the first time on appeal. *See State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996). However, the factual basis of a plea may be constitutionally significant where it relates to the defendant's understanding of his plea. *Hews*, 108 Wn.2d at 591-92.

Here, Moser argues that the lack of a factual basis prevented him from understanding how his conduct constituted first degree robbery and first degree unlawful possession of a firearm. Therefore, the factual basis for his plea is constitutionally significant and Moser can challenge that factual basis for the first time on appeal.[6]

---

[6] Moser also argues that the record does not show that the trial court made a finding that a factual basis for the crimes existed. But Moser does not address how this supposed absence of a finding impacted his understanding of his plea. As discussed above, the requirements of CrR 4.2 implicate the constitution only as they relate to the defendant's understanding of his plea. Consequently, we do not address Moser's argument that the trial court failed to make this finding.

D.       *Factual Basis To Accept Guilty Plea*

Moser argues that there was no factual basis to support his plea to first degree robbery and first degree unlawful possession of a firearm. We disagree and hold that the record provides a sufficient factual basis for both crimes.

In determining whether a factual basis exists for a plea, the trial court need not be convinced beyond a reasonable doubt that the defendant is in fact guilty. *State v. Knotek*, 136 Wn. App. 412, 429, 149 P.3d 676 (2006). Rather, a factual basis exists if there is sufficient evidence for a jury to conclude that the defendant is guilty. *Knotek*, 136 Wn. App. at 429. At a plea hearing, the trial court may consider any reliable source of information in the record for determining whether a factual basis exists to support the plea, including the prosecutor's statement of probable cause. *See Codiga*, 162 Wn.2d at 924.

Moser pleaded guilty to first degree robbery. To provide a factual basis for first degree robbery, the record here must contain sufficient information for a jury to conclude that Moser displayed a firearm while "unlawfully tak[ing] personal property from the person of another," or against such person's "will by the use or threatened use of immediate force, violence, or fear of injury to that person." RCW 9A.56.190; RCW 9A.56.200(1)(a)(iii).

Here, in his own words, Moser stated that he "robbed" three people at gun point. Moreover, the prosecutor's statement of probable cause provided a sufficient factual basis to support the plea. The statement clearly describes Moser's actions in taking property from three persons while displaying a firearm.

To provide a factual basis for unlawful possession of a firearm, the record here must contain sufficient information for a jury to conclude that Moser had in his possession or his

11

control any firearm after having previously been convicted any serious offense. RCW 9.41.040. Here, the probable cause statement and Moser's statement established that Moser possessed a gun during the robbery and that he had previously been convicted of a serious offense. Additionally, Moser, through his signed stipulation, acknowledged that he had been previously convicted of a serious offense. Taken together, sufficient evidence exists in the record for a jury to find that Moser committed first degree unlawful possession of a firearm.

Because sufficient evidence exists in the record for a jury to conclude that Moser committed both crimes, there was a factual basis to support Moser's guilty plea.

## II. STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

In his SAG, Moser raises several issues related to a claim of ineffective assistance of counsel. Moser contends that his trial counsel did not let him view evidence prior to trial, and that his trial counsel failed to inform the court that Moser's mental health medication dosage had been recently reduced interfering with his ability to understand "what was going on" and assist in his defense.[7]

We do not address the arguments raised in Moser's SAG because they require examination of matters outside the appellate record. These issues would be more appropriately raised in a personal restraint petition. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

---

[7] Additionally, Moser raises issues relating to his conviction for felony attempt to elude, which is not on appeal.

### III. APPELLATE COSTS

Moser asks us to deny any request the State may make to award appellate costs. A commissioner of this court will consider whether to award appellate costs in due course under the newly revised provisions of RAP 14.2 if the State decides to file a cost bill and if Moser objects to that cost bill.

We affirm Moser's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Lee, J.

Sutton, J.